UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENEFIT FUNDING SYSTEMS LLC, AND RETIREMENT CAPITAL ACCESS MANAGEMENT COMPANY LLC | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. ____ |
| v. | § § § | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS, INC. | § § § | JURY DEMANDED |
| Defendant. | § § | |

## COMPLAINT

Plaintiffs, Benefit Funding Systems LLC and Retirement Capital Access Management Company LLC (collectively, the "Plaintiffs"), complain of patent infringement by Advance America, Cash Advance Centers, Inc. ("Defendant"), and allege as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Benefit Funding Systems LLC is a limited liability corporation organized and existing under the laws of the State of Delaware.

2. Plaintiff Retirement Capital Access Management Company LLC is a limited liability corporation organized and existing under the laws of the State of Delaware.

3. Defendant Advance America, Cash Advance Centers, Inc. is a corporation organized and existing under the laws of the State of Delaware.

4. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant by virtue of its incorporation in the State of Delaware and by availing itself of the laws and protections of this Judicial District.

6.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## II. FACTUAL BACKGROUND

7.  United States Patent No. 6,625,582 B2 ("the '582 patent"), entitled "Method and System for Converting a Designated Portion of Future Social Security and Other Retirement Payments to Current Benefits," was duly and legally issued by the United States Patent and Trademark Office on September 23, 2003. Exhibit A is a true and correct copy of the '582 patent.

8.  Plaintiff Retirement Capital Access Management Company LLC is the owner by assignment of all rights, title, and interest in and to the '582.

9.  Plaintiff Benefit Funding Systems LLC is the exclusive licensee of the '582 patent.

10. Defendant has made, offered for sale, used, and/or caused to be used computerized systems and methods that embody or practice one or more claims covered by the '582. On information and belief, Defendant uses and causes to be used computerized services, such as those marketed under the phrase, "Online Payday Advance," that involve, among other things, requiring the designation of an account in a depository to receive payments. On information and belief, payments may be derived in whole or in part from Social Security benefit payments. On information and belief, Defendant's Online Payday Advance further involves obtaining authorization to withdraw a portion of such payments that are deposited into the account, in exchange for providing a monetary benefit based at least in part on the present value of a portion of such payments, and doing so without violating laws against alienation of Social Security benefits.

### III. CLAIMS

#### COUNT I
#### PATENT INFRINGEMENT

11. Defendant has infringed the '582 patent.

12. Defendant's infringement of the '582 patent has damaged and will continue to damage Plaintiffs.

13. Defendant's infringement of the '582 patent has caused and will continue to cause Plaintiffs irreparable harm unless enjoined by the Court.

### IV. DEMAND FOR JURY TRIAL

14. Plaintiffs request a jury to hear this action.

### V. PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

a) Adjudge that Defendant has infringed the '582 patent;

b) Enter an order preliminarily and permanently enjoining Defendant from any further acts of infringement of the '582 patent;

c) Award Plaintiffs damages in an amount adequate to compensate them for Defendant's infringement of the '582 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

d) Enter an order awarding Plaintiffs pre- and post-judgment interest on damages awarded and their costs under 35 U.S.C. § 284; and

e) Award such other relief as the Court may deem appropriate and just.

Date: June 22, 2012                    Respectfully submitted,

                                                                              FARNAN LLP

                                                                              /s/ Michael J. Farnan
                                                                             Brian E. Farnan (Bar No. 4089)
                                                                             Michael J. Farnan (Bar No. 5165)
                                                                             919 N. Market Street, 12th Floor
                                                                             Wilmington, Delaware 19801
                                                                             (302) 777-0300
                                                                             (302) 777-0301
                                                                             mfarnan@farnanlaw.com

                                                                             **ATTORNEYS FOR PLAINTIFFS**