IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENEFIT FUNDING SYSTEMS LLC, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ADVANCE AMERICA, CASH )<br>ADVANCE CENTERS, INC., )<br>)<br>Defendant. ) | Civil Action No. 12-801-LPS |

## MEMORANDUM ORDER

At Wilmington this 28th day of June, 2013:

1. Having reviewed the parties' letters and other submissions relating to discovery disputes (D.I. 44-50), and having heard argument during a telephone conference on this same date, IT IS HEREBY ORDERED that:

    (a) Plaintiffs' request to compel Defendant to produce documents responsive to the requests for production of documents and substantive answers to interrogatories is GRANTED, subject to Defendant's right to articulate specific objections on a request-by-request and interrogatory-by-interrogatory basis. Defendant's effort to essentially grant itself a stay by resisting discovery due only to its pending motion for a stay is improper.

    (b) Defendant's request for a protective order is DENIED as Defendant has failed to demonstrate good cause, given the Court's decision to deny Defendant's motion for a stay.

2. IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint (D.I. 29) is GRANTED. The decision to grant or deny leave to amend lies within the

discretion of the Court, *see Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008), and "the court should freely give leave when justice so requires," Fed. R. Civ. Proc. 15(a)(2). The Court is persuaded that CashNetUSA is a proper Defendant, whom Plaintiffs seek to add to this case in a timely manner, consistent with the schedule set by the Court (*see* D.I. 16), and for a proper purpose, particularly as it is undisputed that Defendant has entered into a contract with CashNetUSA for the purpose of offering the service Plaintiffs accuse of patent infringement. Defendant offers a portal into the CashNetUSA system, does not have possession, custody, or control of core technical documents for CashNetUSA's system, and has been unable to persuade CashNetUSA to produce such documents voluntarily. (D.I. 48) The Court is not persuaded by Defendant's contention that it would be unduly prejudiced by the filing of the Amended Complaint. Nor does the record reveal any evidence of undue delay, bad faith, dilatory motive, or futility. Plaintiffs shall file their Amended Complaint no later than July 5, 2013.

3. IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings Pursuant to Section 18(b) of the America Invents Act ("AIA") (D.I. 30) is DENIED WITHOUT PREJUDICE to renew in the event that the Patent Trial and Appeal Board ("PTAB") grants the requested review. On March 29, 2013, Defendant U.S. Bancorp (a defendant in a related case pending in this District, *see* 12-803-LPS) filed a Petition for Post-Grant Review ("Petition") under the Transitional Program for Covered Business Method Patents ("CBM Review"). Under the circumstances presented here, the Court believes the proper exercise of its discretion is to maintain this case on the schedule previously ordered (D.I. 16, 41)[1] and not delay its resolution

---

[1]The Court entered the parties' jointly-proposed scheduling order on October 12, 2012 (D.I. 16). Defendant (like the defendants in the related cases) did not object to the entry of the schedule, nor to any of the dates within it. The only dispute was whether the Court would permit an early

pending the outcome of a potential administrative proceeding.[2] The PTAB has not yet determined whether to undertake CBM Review as requested by the Petition and may not do so for another three months.

In exercising its discretion, the Court has considered the four factors specified in Section 18(b)[3] and finds that: (i) if the PTAB decides to undertake CBM Review, a stay would simplify the issues for trial, but – unless all asserted claims are invalidated – after that review is completed there will remain numerous issues to be litigated in Court (e.g., other invalidity defenses, equitable defenses, infringement, remedies); (ii) while this case is in its relatively early stages, the Court has invested resources in (today) resolving two discovery disputes and two motions, discovery has begun (and would be more advanced but-for Defendant's resistance to discovery during pendency of its motion to stay), and the CBM Review is at an even earlier stage than the litigation (in part because U.S. Bancorp waited more than 10 months after suit was initiated to

---

case-dispositive motion with respect to validity of the patent-in-suit under 35 U.S.C. § 101, which the Court declined to permit. (*Id.* at 9) (Any party remains free, nonetheless, to file a motion for leave to file an early case-dispositive motion, should such party believe it has a good faith basis to do so.) On June 13, 2013 the Court amended the schedule, again pursuant to a joint proposal of the parties. (D.I. 40, 41)

[2]Two related cases are also pending before the Court. (*See* 12-802-LPS and 12-803-LPS) The defendants in these related cases have filed motions to stay that are substantially identical to Defendant's motion here. (*See* 12-802-LPS (D.I. 29) and 12-803-LPS (D.I. 30)) Although the Court recognizes the slightly varying circumstances of the three cases, for purposes of efficiently managing the Court's caseload the Court will deny the requested stay in all three cases, for the reasons set forth in this Memorandum Order.

[3]While Section 18(b) requires courts to consider the four factors, Section 18(b) does not require courts to stay litigation. Other statutes, by contrast, do not allow courts the same discretion. *See, e.g.*, 28 U.S.C. § 1659 (requiring that "the district court shall stay" proceedings in civil action with respect to any claim that involves same issues involved in proceeding before International Trade Commission, upon timely request of party to civil action that is also respondent in Commission proceeding).

file its request for CBM Review); (iii) Plaintiffs will suffer some prejudice from a stay, due to loss of their chosen forum, the possibility of necessary witnesses' memories fading, and negative impact on their ability to license the patent-in-suit; and (iv) while staying the litigation would somewhat reduce the burden of litigation on the parties and the Court, in the present posture the Court is not confident the reduction would be substantial.

_____
UNITED STATES DISTRICT JUDGE